# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2012

## STATE OF TENNESSEE v. GLEN A. FORREST

**Appeal from the Circuit Court for Madison County**
**No. 10-366     Donald H. Allen, Judge**

---

**No. W2011-01961-CCA-R3-CD - Filed November 27, 2012**

---

The defendant, Glen A. Forrest, was convicted of attempted cocaine delivery in violation of Tennessee Code Annotated section 39-17-417 (2010). The trial court ordered six months of his sentence to be served in prison and the remaining five years and six months to be served on probation.[1] The trial court subsequently found the defendant to be in violation of the terms of his probation and revoked the probation, ordering the defendant to serve the original sentence. The defendant appeals the trial court's determination that he violated the terms of his probation. After a thorough review of the record, we conclude that the trial court has committed no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, J J., joined.

David W. Camp, Jackson, Tennessee, for the appellant, Glen A. Forrest.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; James G. Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

---

[1]The defendant's suspended sentence is designated as "Probation," and not "Community Based Alternative" on the judgment sheet, but is designated as "Community Corrections" and not "State Probation" in his guilty plea. The judgment sheet notes he will be supervised by the county Department of Community Corrections. The judgment of revocation refers to the defendant's probation, and no new sentencing hearing was held after revocation. The defendant refers to his sentence as probation, and while we refer to it as such in this opinion, we note that the standard of review upon revocation is the same for either sentencing alternative. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

On September 7, 2010, the defendant pled guilty[2] to attempted cocaine delivery, a Class C felony, in violation of Tennessee Code Annotated section 39-17-417. The defendant received a six-year sentence, with six months of the sentence to be served incarcerated and the remaining five years and six months to be served on probation. On July 18, 2011, a warrant was issued for the defendant's arrest based on the affidavit of his community corrections officer, who averred that the defendant had committed the offense of possession of crack cocaine with intent to sell or deliver, that the defendant had committed the offense of possession of drug paraphernalia, and that the defendant had failed to report his new arrest.

At the hearing, the defendant's case officer with community corrections testified that the defendant was required to report any new arrests to her within twenty-four hours.[3] The defendant's case officer testified that he was arrested on July 8, 2011 and that he never reported his arrest to her. She testified that up until his arrest, the defendant had passed all drug tests and complied with the terms of his release. His case worker testified that she had found out about the arrest a few days after it happened because she had been out of the state for one week and had not been able to review the arrest reports sooner. She then issued the warrant for his arrest based on violation of probation. The defendant was arrested on July 21, 2011, when he came to her office for his next scheduled appointment.

The State also introduced the testimony of Officer Jerod Cobb of the Jackson Police Department, who testified regarding the defendant's narcotics-related arrest. Officer Cobb testified that the police arrested the defendant, his wife, Earlene Forrest, and their son, Christopher Forrest, at the Lexington Street Grocery based on information obtained from a confidential informant that the defendant and his wife and son were selling crack cocaine at that location. He testified that about twenty persons, including patrons of the business, were present and that several were searched. The defendant was escorted from the kitchen, where he was working, to a common area. His wife was arrested in the common area and his son was arrested outdoors. The police then searched the premises and discovered crack cocaine above the kitchen door frame and in a storage area in the back of the store. They also found

---

[2]The record indicates that there were two counts brought against the defendant, one count charging him with the intent to sell and the other count with the intent to deliver 0.5 grams or more of cocaine, and that the trial court merged the counts.

[3]The record contains the defendant's guilty plea, which details the conditions of his probation and work release. The judgment sheet also contains the details of his probation under "Special Conditions." The record does not contain the terms of the defendant's probation, and neither the plea nor the judgment sheet shows that the defendant was required to report any arrest or contact with police within twenty-four hours. The defendant does not, however, argue that these were not terms of his probation.

drug paraphernalia. In addition, crack cocaine was discovered in Earlene Forrest's purse, and hydrocodone pills were found in the possession of Earlene and Christopher Forrest. Officer Cobb acknowledged that Earlene Forrest was the primary target of the search warrant, that the cocaine could have belonged to "several people within the store or within the kitchen," and that the package was not examined for fingerprints. He testified that no drugs were found on the defendant's person and the defendant did not acknowledge any involvement with the drugs.

The defendant's wife, Earlene Forrest, next testified. Ms. Forrest asserted that all of the drugs recovered belonged to her and that the defendant had nothing to do with them. She testified she did not work at Lexington Street Grocery, which was owned by her daughter, but she had been there for two hours on the day of the defendant's arrest. She averred that she had placed the drugs above the kitchen doorway and that all of the narcotics found by the police belonged to her. While Ms. Forrest did not claim the drug paraphernalia, she explained that the Brillo pads and "roses" were items stocked by all stores in Jackson and while she was aware they could be used to smoke drugs, they were not crack pipes.

The trial court found that the defendant had violated his probation by possessing crack cocaine with the intent to sell it, by possessing drug paraphernalia, and by failing to report his arrest. The court revoked the defendant's probation on August 30, 2011, and the defendant filed a timely notice of appeal. On appeal, the defendant argues that the trial court abused its discretion in finding that the defendant had violated the terms of his probation by possessing crack cocaine, since Ms. Forrest's testimony established that the crack belonged to her. The defendant also contends that he did not violate the terms of his probation by failing to report the arrest, since his probation officer was out of town for a week at the time of his arrest. The defendant asserts that his revocation is inconsistent with the disposition of his son's probation violation because his son's probation was revoked and reinstated.

**Analysis**

The trial court retains the power to revoke a suspended sentence. T.C.A. § 40-35-310. Thus, the defendant is subject to arrest if the trial court becomes aware that the defendant has breached the laws of Tennessee or has violated the terms of his probation. T.C.A. § 40-35-311(a). The trial court must hold a hearing to determine whether there has been a violation, and if the court finds that the defendant has violated the conditions of probation, it may revoke the suspension of the sentence and may reinstate the original judgment. T.C.A. § 40-35-311(b), (e). The violation need not be proven beyond a reasonable doubt, but it must be shown by a preponderance of the evidence. T.C.A. § 40-35-311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). An appellate court will not overturn the revocation unless

it concludes that the trial court committed an abuse of discretion. *Id.*; *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). An abuse of discretion occurs when the appellate court finds no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *see also State v. Farrar*, 355 S.W.3d 582, 586, 589 (Tenn. Crim. App. 2011), perm. App. Denied (Tenn. Oct. 18, 2011) (questioning the validity of the "no substantial evidence" formulation, but nevertheless applying it).

The testimony of the defendant's case officer was that the defendant was required to report any arrests or any contact with law enforcement within twenty-four hours. She also testified that the defendant never reported his arrest between its occurrence on July 8, 2011 and his arrest for violation of probation on July 21, 2011. The defendant's attempt to blame his case officer's absence at the time of his arrest is unavailing because there is no evidence that her absence in any way interfered with his ability to report the arrest. There is no evidence that the defendant made any effort to report his arrest at any point in time.

Although Ms. Forrest testified that all the drugs – including those that remained in her purse and those that she testified she put above the doorway and into the storage room during her two-hour tenure – were hers, the trial court, which is charged with making credibility determinations, implicitly did not find her a credible witness. Other evidence at the hearing established that a confidential informant who had made numerous purchases from the Lexington Street Grocery implicated the defendant in the sale of crack cocaine at that address and that the defendant was in close vicinity to the drugs found above the kitchen doorway. We conclude there is not an absence of substantial evidence supporting the trial court's findings. Neither is there any inconsistency with the disposition of the defendant's son's case, particularly as there was no allegation the defendant's son failed to report his arrest. We conclude that the trial court did not abuse its discretion in finding by a preponderance of the evidence that the defendant violated his probation.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-